UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 20-20121-CIV-MORENO

KHRISS LEONARDO MONTENEGRO,

    Plaintiff,

vs.

UNITED STATES SECRET SERVICE,
FEDERAL BUREAU OF INVESTIGATION,
and NACY PELOSI, U.S. House of
Representatives,

    Defendants.
_____/

## ORDER DISMISSING CASE FOR BEING FRIVOLOUS AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED for being frivolous.

In his *in forma pauperis* complaint, Plaintiff seeks an award of more than $2,000,000 against various United States agencies and the Speaker of the House for the alleged violation of "440 other civil rights," which are not specified and impossible to discern after a review of the ninety-page complaint. Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious."

A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an "indisputably meritless" legal theory or are comprised of factual contentions that are "clearly baseless." *Id.* at 327. In *Neitzke*, the Supreme

Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest that obviously does not exist, then the claim is based on an indisputably meritless legal theory. *Id.* Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28.

The Court notes that a *pro se* plaintiff must be given greater leeway in pleading his or her complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Mindful of this principle, the Court finds that the complaint nevertheless does not state a valid federal cause of action and fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. The complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 327. Plaintiff details fantastic or readily delusional scenarios that are "clearly baseless" and unintelligible, while his alleged legal theories (if any) are "indisputably meritless." *Id.*; *accord Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990).

Accordingly, after reviewing the entire complaint, the Court concludes that the complaint is frivolous. It is therefore **ADJUDGED** that the complaint is DISMISSED, all pending motions are DENIED as MOOT, and the case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 13 of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Khriss Leonardo Montenegro
1545 7th Ave.
Miami FL, 33136
PRO SE

2